IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRING DIVISION

ROBERT McKENZIE and
ANGELICA McKENZIE                                              PLAINTIFFS

VS.                    Case No.: 17-6070

JAMES STUCHELL, SCOTT THOMPSON,                                DEFENDANTS
INDIVIDUALLY, SCOTT THOMPSON
d/b/a SCOOT-N-GATOR RV TRANSPORTATION,
and JOHN DOES 1-5

## COMPLAINT

COMES NOW, Plaintiffs, Robert McKenzie and Angelica McKenzie, and for their Complaint against Defendants, James Stuchell, Scott Thompson, individually, Scott Thompson d/b/a Scoot-N-Gator RV Transportation and John Does 1-5 and states as follows:

1.  That the collision out of which this cause of action arises occurred in Clark County, Arkansas, on April 8, 2016 at approximately 1:44 AM.

2.  That at the approximate date and time of the occurrence referred to herein, Plaintiff, Robert McKenzie (hereinafter referred to as "Plaintiff McKenzie"), was a resident of the state of Maryland.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

1

3. That at the time of the filing of this action, Plaintiff, Angelica McKenzie, was and is now the wife of Mr. Robert McKenzie, and was and is now a resident of the state of Maryland.

4. That at the approximate date and time of the occurrence referred to herein, Defendant, Scott Thompson, individually (hereinafter referred to "Defendant Thompson"), was a resident of the state of Texas.

5. That at the approximate date and time of the occurrence referred to herein, Defendant, Scott Thompson, d/b/a Scoot-N-Gator RV Transportation, (hereinafter referred to as "Scoot-N-Gator RV"), was conducting business in the state of Arkansas.

6. That the principal place of business of Defendant, Scoot-N-Gator RV, at the time of this occurrence, and at the time of the filing of this action, is Conroe, Texas.

7. That at the approximate date and time of the occurrence referred to herein, the Defendant, James Stuchell, (hereinafter referred to as "Defendant Stuchell"), was a resident of the state of Ohio.

8. That this Court has subject matter jurisdiction over this cause as there is complete diversity of citizenship and the amount in controversy exceeds the minimum amount for federal diversity jurisdiction, i.e., greater than $75,000

exclusive of interests and costs. Jurisdiction is vested in this Court pursuant to 28 USCA §1332 (a).

9. That at the time of the occurrence referred to herein, Defendant Stuchell was operating a 2014 Dodge Ram pickup truck owned by Defendant Thompson, individually, and/or Defendant Thompson, d/b/a Scoot-N-Gator RV Transportation, and bearing U.S. D.O.T. number 2410720 and motor carrier number MC-830905.

10. That at the time of the occurrence referred to herein, Defendant Stuchell was towing a mobile home trailer behind the pickup truck.

11. That at the time of the occurrence referred to herein, Defendant, Scoot-N-Gator RV, was a "motor carrier" within the meaning of FMCSA regulations.

12. That upon information and belief, Defendant Stuchell, was an employee of Defendant, Scoot-N-Gator RV, and was driving the truck involved in this occurrence within the course of and in the scope of his employment and duties with Defendant, Scoot-N-Gator RV.

13. That Defendant Stuchell was an "employee" of Defendant, Scoot-N-Gator RV, within the meaning of FMCSA, §390.5.

14. That at the time of the occurrence referred to herein, Defendant Stuchell was acting within the course and scope of his employment with Defendant, Scoot-N-Gator RV.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

3

15. That, in addition and/or in the alternative, the name of an unknown tortfeasor, individual person or entity, shall be designated by the pseudo-name John Doe. Thus, in this case, John Does 1-5, in the alternative, is the official name of any individual person, or entity by whom Defendant Stuchell was employed or was serving as an agent, servant or employee at the time of the occurrence. Further, John Does 1-5 represent unknown individuals or entities responsible for training, directing and/or controlling the actions of Defendant Stuchell.

16. That upon determining the identity of any current unknown tortfeasor, person or entity, Plaintiffs will amend the Complaint by substituting the real name for the pseudo-name.

17. That the Plaintiff has attached the Affidavit of Plaintiff's attorney, affirming the identity of a tortfeasor(s) is unknown, and marked as **"Exhibit A,"** and attached hereto and incorporated by reference herein.

18. That this Court has personal jurisdiction over the parties hereto.

19. That this Court is the proper venue for this action as the subject wreck occurred in this district. 28 USCA, §1391(b).

20. That on April 8, 2016, at approximately 1:44 AM, Plaintiff McKenzie was traveling west bound in the right lane on US Highway 30, while operating a Volvo tractor trailer, owned by his employer, D.M. Bowman Inc., at the time of the collision referred to herein.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

4

21. That at the time of the collision referred to herein, Plaintiff McKenzie's driving partner, Brad Smith, was seated in the passenger side seat in the Volvo tractor trailer.

22. That at the same date and time, Defendant Stuchell was traveling west bound in the left lane, partially beside Plaintiff McKenzie's tractor trailer at the time of the collision referred to herein.

23. That Defendant Stuchell was attempting to pass Plaintiff McKenzie's tractor trailer; however, while doing so, claimed to see a deer on the roadway or near the roadway.

24. That in an alleged attempt to avoid a collision with the deer, Defendant Stuchell attempted to move his pickup truck to the right lane. In doing so, Defendant Stuchell's front passenger side struck the left back end of Plaintiff McKenzie's trailer.

25. That the collision out of which this cause of action arises occurred as a proximate result of the negligence of Defendant Stuchell in the operation of the pickup truck and trailer, in the following particulars, including, but not limited to:

(a) That Defendant Stuchell negligently failed to maintain his vehicle at a proper speed under the circumstances then and there existing;

(b) That Defendant Stuchell negligently failed to maintain a proper lookout under the circumstances then and there existing;

(c) That Defendant Stuchell negligently failed to properly control his

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

5

vehicle under the circumstances then and there existing;

(d) That Defendant Stuchell negligently failed to yield the right of way under the circumstances then and there existing;

(e) That Defendant Stuchell negligently changed lanes when it was not safe to do so;

(f) That Defendant Stuchell negligently failed to comply with all rules, regulations, and duties required by the laws of the state of Arkansas and by FMCSA regulations controlling the operation of Defendant, Scoot-N-Gator RV's, vehicle; and,

(g) That Defendant Stuchell negligently failed to use ordinary care under the circumstances then and there existing.

26. That Defendant, Scott Thompson, individually, and Scott Thompson, d/b/a Scoot-N-Gator RV, was negligent in the following particulars, including, but not limited to, the following:

(a) That these Defendants negligently failed to properly comply with industry standards and FMCSA regulations, before allowing Defendant Stuchell to operate Defendant, Scoot-N-Gator RV's pickup truck;

(b) That these Defendants negligently failed to properly train Defendant Stuchell in the safe operation of his vehicle when faced with wildlife (i.e., deer), for which its driver would be operating the Scoot-N-Gator RV pickup truck;

(c) That these Defendants negligently failed to properly hire, train, instruct and supervise Defendant Stuchell in the safe operation of the pickup truck when encountering adverse road conditions, such as wildlife;

(d) That these Defendants negligently failed to properly hire, train, instruct and supervise Defendant Stuchell when intending to swerve

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

6

out of his lane of travel and/or to change lanes when encountering adverse road conditions, such as wildlife;

(e) That these Defendants negligently failed in its duty of proper training, instruction and supervision of the Defendant Stuchell about the duties imposed upon him by FMCSA and as a holder of a CDL; and,

(f) That these Defendants negligently failed to comply with all rules, regulations and duties required by the laws of the state of Arkansas and by FMCSA, by which it was obligated to conform.

27. That no other person, firm, company, corporation, or entity of any type, other than Defendants herein, including John Doe Defendants, was negligent or was a contributing proximate cause of the damages sustained by Plaintiffs.

28. That the conduct and actions of the Defendant Stuchell, were within the course and scope of his duties as an agent, servant and/or employee of Scott Thompson, individually, and Scott Thompson, d/b/a Scoot-N-Gator RV and are imputed to these Defendants under the doctrine of respondeat superior by the FMCSA regulations.

29. That Plaintiff, Robert McKenzie, as proximate result of the negligence of Defendants, sustained injuries to his person, including, but not limited to head, neck, right shoulder, abdomen and back.

30. That as proximate result of the negligence of Defendants, Plaintiff, Robert McKenzie, has expended or been required to expend certain sums of money on his behalf for medical care and treatment in the past and will be required to

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

7

expend or be obligated to expend certain sums of money for medical care and treatment in the future; he has experienced pain, suffering, discomfort and mental anguish in the past and will experience pain, suffering, discomfort and mental anguish in the future; he has lost earnings and earnings capacity in the past and will lose earnings and earnings capacity in the future; his physical injuries and symptoms are ongoing and permanent in nature; and, for all of which he should have and recover judgment from and against all Defendants in an amount in excess of the minimum amount required for federal court diversity jurisdiction.

31. That as a proximate result of Defendants' negligence Plaintiff, Angelica McKenzie, spouse of Robert McKenzie, has lost society, services and companionship of her husband, Robert McKenzie, and should be compensated against all Defendants in an amount to be set by a jury in excess of the minimum required for federal court diversity jurisdiction.

32. That compensatory damages for each Plaintiff should be assessed against each Defendant in an amount in excess of the amount required for federal court diversity jurisdiction.

33. That Plaintiffs demand a trial by jury.

34. That Plaintiffs reserve the right to amend and plead further in this cause.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

8

WHEREFORE, Plaintiffs pray that they have and recover compensatory damages from each of the Defendants in an amount in excess of the amount required for federal court diversity jurisdiction, for their costs, and all other relief to which they may be entitled.

Respectfully Submitted,

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 S. Main Street
Jonesboro, AR 72401
Ph: (870) 336-4747
Fax: (870) 932-0919
Email: bobby@mcdaniellawyers.com

By: /s/ Bobby McDaniel
Bobby McDaniel, AR Bar #72083

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

9